FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
★ OCT 27 2006 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
ANTHONY M. SMITH,

               Petitioner,

   -against-

GRAHAM, Superintendent,

               Respondent.
------------------------------------------------------x

**MEMORANDUM AND ORDER**

06-CV-3527 (BMC)

COGAN, United States District Judge:

    Petitioner Anthony M. Smith brought this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. By Order dated July 20, 2006, this Court directed Petitioner to show cause why the petition should not be dismissed as time-barred. Petitioner's affirmation, received July 31, 2006, fails to demonstrate that the instant petition is timely. Therefore, the petition is dismissed as time-barred.

    The Antiterrorism and Effective Death Penalty Act (AEDPA) provides a one-year statute of limitations during which petitioners must file their petitions for writs of habeas corpus. 28 U.S.C. § 2244(d)(1). Generally, this one-year period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Id. Petitioner was convicted by a jury on May 5, 1999 of criminally negligent homicide and was sentenced on February 15, 2000 by the New York Supreme Court, Kings County. His conviction was affirmed on May 29, 2001 by the New York Supreme Court, Appellate Division, Second Department. People v. Smith, 725 N.Y.S.2d 875 (2d Dep't 2001). The New York State Court of Appeals denied his application for leave to appeal on July 25, 2001. People v. Smith, 96 N.Y.2d 907 (2001). Petitioner did not seek a writ of certiorari from the United States Supreme Court. Accordingly, his conviction became final on October 23, 2001, ninety days

after the Court of Appeals denied leave to appeal. See Williams v. Artuz, 237 F.3d 147, 150-51 (2d Cir. 2001). To fall within the one-year statute of limitations, the instant petition should have been filed on or before October 23, 2002. Petitioner filed his petition on July 6, 2006.[1] Thus, absent the requisite amount of tolling, his application is barred as untimely.

The AEDPA provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). The tolling provision under § 2244(d)(2) applies only if petitioner's post-conviction motion was pending within the one-year limitations period, and excludes from the limitations period only the time the motion remained undecided. Smith v. McGinnis, 208 F.3d 13, 16 (2d Cir. 2000) *(per curiam)*.

In this case, petitioner alleges that he filed the first of his post-conviction motions on June 24, 2002, prior to the expiration of this time, and leaving him with a balance of 121 days within which to file his § 2254 petition. A properly filed application for State post-conviction or other collateral review typically tolls the period "from the time it is first filed until finally disposed of and further appellate review is unavailable under the particular state's procedures." Bennett v. Artuz, 199 F.3d 116, 120 (2d Cir. 1999), aff'd, 531 U.S. 4 (2000); see also Cortorreal v. Artuz, 281 F. Supp. 2d 524, 526-27 (E.D.N.Y. 2003). Accordingly, the period between June 24, 2002 and June 3, 2003 may be tolled. However, Petitioner then let another 266 days elapse prior to filing his second post-conviction motion on February 24, 2004. By that time, the statute of

---

[1] According to petitioner, he delivered the instant petition to prison authorities for mailing to the district court on July 6, 2006. Petition at 15. See Noble v. Kelly, 246 F.3d 93 (2d Cir. 2001) (pro se prisoner "files" his habeas petition with the district court when he submits his papers to prison authorities for mailing). The Pro Se Office received the instant petition on July 12, 2006.

limitations period had expired.

Accordingly, the petition is time-barred unless there is a basis for equitable tolling of the time limitation. Petitioner's affirmation does not assert facts that would warrant such a finding. Equitable tolling is appropriate only where "rare and exceptional circumstances" prevented the petitioner from filing his application on time. McGinnis, 208 F.3d at 17 (internal citations omitted). Petitioner states that "I am a layman and 'thought' that I was following all of my procedures." Affirmation at 1. Courts have routinely declined to toll the statute of limitations on this basis. See McGinnis, 208 F.3d at 18; Doyle v. Yelich, No. 05 CV 2750, 2005 WL 2475727, at *2 (E.D.N.Y. Oct. 7, 2005) (A petitioner's *pro se* status and ignorance of the law do not warrant equitable tolling); Francis v. Miller, 198 F. Supp. 2d 232, 235 (E.D.N.Y. 2002) (ignorance of law and legal procedure is not an extraordinary circumstance to warrant equitable tolling); Armand v. Strack, No. 98 Civ. 6650, 1999 WL 167720, at *5 (E.D.N.Y. Feb. 19, 1999) (stating that lack of access to law clerks, illiteracy, lack of English fluency and ignorance of the law have all been considered and rejected by courts as insufficient to demonstrate exceptional circumstances); Fennell v. Artuz, 14 F. Supp. 2d 374, 377 (S.D.N.Y. 1998) (holding that equitable tolling based on excuses common among prisoners, such as lack of education and lack of familiarity with legal research, would undermine the AEDPA statute of limitations). Petitioner's circumstances are not extraordinary and do not warrant equitable tolling.

Accordingly, the petition for a writ of habeas corpus is dismissed as time-barred. A certificate of appealability shall not issue because petitioner has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2); Lucidore v. New York State Div. of Parole, 209 F.3d 107, 112-13 (2d Cir. 2000). The Court certifies pursuant to 28 U.S.C.

§ 1915(a) that any appeal from a judgment denying the instant petition would not be taken in good faith. Coppedge v. United States, 369 U.S. 438 (1962).

SO ORDERED.

_____
BRIAN M. COGAN
United States District Judge

Dated: Brooklyn, New York
       October 26, 2006